Terrence Kellogg, Attorney

P.O. Box 70819

Seattle, WA. 98127

Telephone: 206 781-8181

**ORIGINAL**

RECEIVED
JAN 24 2008
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>                                             )<br>           Plaintiff,             )<br>                                             )<br>     v.                                    )<br>                                             )<br>                                             )<br>BECKY NADINE HUNTER,      )<br>                                             ) | NO. F04-0002 CR (RRB)<br><br>MEMORANDUM IN SUPPORT<br>OF MOTION TO RELEASE ON<br>BOND PENDING APPEAL |

BECKY HUNTER, through counsel appointed to represent Ms. Hunter on appeal, Terrence Kellogg, moves the court for entry of an order setting conditions of release pending appeal in this matter.

This motion is brought pursuant to Rule 46(c) of the Federal Rules of Criminal Procedure and 18 United States Code § 3143(b)(1)(B)(iv). The issues presented for determination by this motion are whether (1) the defendant Hunter has established by clear and convincing evidence that she is not likely to flee and that she does not pose a danger to the safety of others and (2) whether or not the appeal was for purposes delay and raises a substantial question of law or fact likely to result in ... a reduced sentence to a

DEFENDANT HUNTER'S MMDRM IN SUPPORT OF MOTION
FOR BOND PENDING APPEAL - 1

TERRENCE KELLOGG
P.O. Box 70819
SEATTLE, WASHINGTON 98127
(206) 781-8181

term of imprisonment less than the total of the time of served plus the expected duration of the appeal process.

The issues presented are addressed in this memorandum in support of Ms. Hunter's Motion For Release Pending Appeal.

***Likely Reduced Sentence:***

It is submitted the issues presented by Ms. Hunter's pending appeal raise substantial questions of law likely to result in a reduced sentence less than the time she has already served in custody plus the expected duration of the appeal process.

In essence, Ms. Hunter's appeal presented the Ninth Circuit with three issues concerning the determination and length of her sentence. These issues include (1) whether or not the court erred in application of the sentencing guidelines by failing to reduce the intended loss amount by collateral offered as security for the loan the basis for count 20 of the indictment, the USDA loan. At sentencing the court found the guideline intended loss to be between $1 million and $2.5 million, although total restitution was set at $56,543. During Ms. Hunter's sentencing the court recognized that, in light of the failure to obtain the loan, the guidelines' enhancement for $1.85 million of intended loss " ... would probably be an unreasonable way to analyze this".

The court at sentencing was not presented with the argument, supported by the guidelines themselves, the intended loss is to be reduced by the amount of collateral pledged. See *United States v. McCormac*, 309 F.3d 623, 629 (9th Cir. 2002).

A second principal argument presented to the Ninth Circuit in Ms. Hunter's appeal raises the issue of an *ex post facto* application of amendments to the sentencing

DEFENDANT HUNTER'S MMDRM IN SUPPORT OF MOTION  
FOR BOND PENDING APPEAL - 2

TERRENCE KELLOGG  
P.O. Box 70819  
SEATTLE, WASHINGTON 98127  
(206) 781-8181

guidelines setting forth harsher guideline ranges and additional guideline enhancements resulting from amendment well after the bulk of the loss, the substantial loan the subject of count 20. attempting to arrange for the $1.85 million FDA loan.

The third issue presented to the Ninth Circuit is the unreasonableness of the sentence imposed in light of the sentencing factors set forth at 18 United States Code Section 3553, given the defendant's offences and criminal history, particularly in light of sentences imposed in similar cases.

As set forth at page 15 of Ms. Hunter's Reply Brief filed in the Ninth Circuit, Ms. Hunter's position is the 2000 Guidelines should have applied as determining the reference sentencing factor to be considered in deciding the appropriate sentence to be imposed upon her. Guidelines section 2 F1.1 of the 2000 Guidelines, with an intended loss of less than $2.5 million, a 2 level enhancement for "more than minimal planning" and a second 2 level enhancement for "use of an identification to obtain an identification", without reduction for acceptance of responsibility, and given defendant's criminal history category III, would result in a guideline range of from 51 to 63 months.

Ms. Hunter reports that she was arrested on February 14, 2004. The presentence report prepared in this case reflects that Ms. Hunter was indicted on February 20, 2004 and taken into federal custody by the FBI on February 24, 2004, having been continuously detained since that time.

Ms. Hunter was sentenced in this case on February 22, 2005. The Bureau of Prisons reflects Ms. Hunter's current release date is December 3, 2012. She is presently detained at the camp portion of the Phoenix Federal Correctional Institute.

Ms. Hunter filed her notice of appeal on February 15, 2005. The Ninth Circuit heard oral argument in this case on July 24, 2006 under Docket number 05-30102. Although it has been almost eighteen months since oral argument was presented to the Ninth Circuit there has been no opinion issued as of yet. Because of this, the "expected duration of the appeal process" is difficult to estimate. In this case the appeal process is certain of being several additional months even if an opinion were to be filed in the near future.

The court is asked to review the oral argument of record in the ninth Circuit to determine the likelihood of affirmative relief resulting from this appeal. The fact that there has been such an inordinate delay in the filing of an opinion in Hunter's case is persuasive evidence that a favorable opinion is likely in Hunters' appeal.

Given that Ms. Hunter has served in excess of the low-end of the anticipated applicable guideline range, particularly with reduction for the good time credit to which you would be entitled, and, moreover, given the anticipated further duration of the appeal process, it is in fact likely that upon Ms. Hunter being resentenced following appeal such sentence would in essence be reduced to the amount of time she has already served.

*Flight and Safety:*

Becky Hunter believes that that, with a proper calculation of her criminal history based upon objections not previously made at the time of her original sentencing, the bottom end of her reference guideline sentencing range would be 36 months confinement. Ms. Hunter appreciates that, for her, a successful appeal would be a remand for resentencing, with directions from the Ninth Circuit, and not the dismissal of the case or

DEFENDANT HUNTER'S MMDRM IN SUPPORT OF MOTION
FOR BOND PENDING APPEAL - 4

TERRENCE KELLOGG
P.O. Box 70819
SEATTLE, WASHINGTON 98127
(206) 781-8181

charges against her. She further fully appreciates the importance of complying with conditions of release in making future court appearances given the likelihood of a resentencing following release in this matter.

By way of proffer, Becky Hunter is willing to comply with any terms or conditions of release, including placement in a community treatment center, reporting to probation or pretrial services of any United States District Court, or submitting to electronic home monitoring, as the Court may deem appropriate. It is Ms. Hunter's hope to be released to the Portland, Oregon area where her mother resides. However, she would be grateful for any conditions of release that the court would be willing to impose as a result of this motion.

Because of the likely sentence to be imposed, in light of the time Ms. Hunter has already served, any concerns from her history as to her future failure to appear would be substantially outweighed by a realistic consideration of her present circumstances given her past four years of incarceration and continuing legal disability as a result of this conviction.

As to the issue of "safety to others and the community", it is submitted that Ms. Hunter, as evidenced by her prior criminal history, does not represent a physical danger to the safety of any individuals or any community should she be released. The court is urged to find the term "safety", as used in 18 U.S.C. § 3143(b)(1)(a), means physical safety and not a danger of economic loss as represented in Ms. Hunter's counts of conviction on this case.

Even should the Court be concerned that Ms. Hunter is a threat of future

economic danger to others in the community as a basis for denial of the instant motion, such a concern should be ameliorated by the considerations set forth above. Ms. Hunter's lengthy term of imprisonment already served in this matter, together with her realization that she will be once again sentenced if successful on her appeal.

*Conclusion:*

18 United States Code § 3143 (b)(1) provides authority for the court to order conditions of release in accordance with § 3142 (b) or (c), except for the circumstances such as presented herein, the likelihood of a reduced sentence less than time served together with the expected duration of the appeal, in which case "… the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence. "

As suggested above, Ms. Hunter believes the court has authority to impose conditions upon release consistent with sections 3142 (b) or (c) of the United States code and not be solely limited to ordering her detention terminated upon completion of the likely reduced sentence. However, under either standard, it would appear granting the relief requested in this motion would be the only way to prevent a substantial miscarriage of justice resulting in Ms. Hunter being required to serve a sentence in excess of what is likely

/

/

/

DEFENDANT HUNTER'S MMDRM IN SUPPORT OF MOTION
FOR BOND PENDING APPEAL - 6

TERRENCE KELLOGG
P.O. Box 70819
SEATTLE, WASHINGTON 98127
(206) 781-8181

to be determined the appropriate sentence in this case.

Respectfully submitted this 22nd day of January, 2008.

Terrence Kellogg,
Attorney for Becky Hunter
WA. State Bar # 6452
P.O. Box 70819
Seattle, WA. 98127
Telephone: (206) 781-8181
E-Mail: terrykellogg@comcast.net

## CERTIFICATE OF SERVICE

I certify that on January 22nd, 2008, I mailed one copy of Defendant Becky Nadine Hunter's Memorandum In Support of Motion For Release to:

Karen L. Loeffler, AUSA
Assistant United States Attorney
U.S. Attorney's Office
222 West 7th Avenue, #9
Anchorage, Alaska 99513-7567

Dated this 22nd day of January, 2008.

Terrence Kellogg, Attorney for Becky Nadine Hunter