NELSON P. COHEN
United States Attorney

KAREN L. LOEFFLER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: karen.loeffler@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  4:04-cr-002 (RRB) |
| | ) | |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S |
| vs. | ) | OPPOSITION TO |
| | ) | DEFENDANT'S MOTION FOR |
| BECKY NADINE HUNTER, | ) | BAIL PENDING APPEAL |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the United States of America, by and through counsel, and opposes defendant's motion for bail pending sentence appeal as follows.

I.    INTRODUCTION

Becky Nadine Hunter is currently serving a sentence of 120 months imprisonment imposed by this court on February 15, 2005, following her

convictions on 22 felony offenses for her criminal conduct arising out of her actions in engaging in a broad array of criminal schemes to defraud businesses, individuals and governmental entities spanning the time period from September 1998 until the date of her arrest on February 24, 2004.  Ms. Hunter was detained upon arrest, despite numerous bail applications as the then sitting Magistrate Judge found her to be a danger to the community and a flight risk. Ms. Hunter timely filed a sentence appeal which was argued and submitted.  Pursuant to order by the Ninth Circuit Court of Appeals on September 28, 2006, her appeal is deferred pending publication of that court's en banc decision in <u>United States v. Carty</u>, No. 05-10200 and <u>United States v. Zavala</u>, No. 05-30120.  Ms. Hunter's current projected release date is December 3, 2012.  She now applies to this court seeking bail pending appeal pursuant to 18 U.S.C. § 3143(b)(1) alleging that she is neither a flight risk nor a danger to the community.  She further alleges that she is likely to win her appeal, be granted resentencing and receive a sentence reduction of some 60 percent -to the four years she has served.  The government strongly opposes this request on the grounds that she has failed to meet her burden of proving any of these contentions.

II.     THE STANDARDS FOR BAIL PENDING APPEAL

18 U.S.C. § 3143 (b)(1) provides that a defendant who has been convicted of an offense and who has filed an appeal should be detained unless the defendant proves: "(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of another person or the community if released.... and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in ...(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the duration of the appeal process."  Defendant's instant motion fails to meet any of these criteria.

A.      Defendant is both a Flight Risk and a Danger to the Community

Contrary to defendant's allegation (Motion p. 5) danger as set forth in § 3143(b)(1)(A) is not limited to physical safety.  Danger as defined in the bail statute may, "encompass pecuniary or economic harm."  United States v. Reynolds, 956 F. 2d 192, 92-93 (9th Cir. 1992).  There is hardly a better example of an economic danger to the community than Becky Nadine Hunter.

As the court will no doubt remember, Ms. Hunter was a long time virtual walking crime wave having misrepresented herself as a nurse in two different jurisdictions over a period of 20 years.  She not only defrauded federal and state agencies, she acted as a nurse giving injections and other medical procedures when

she was not licensed or qualified.  She further defrauded banks, businesses, the bankruptcy court and caused immense personal harm to two actual licensed nurses, causing one to be unable to get even a simple credit card for some 20 years.

Ms. Hunter further accomplished these dishonest actions by creating multiple identities and untold numbers of fraudulent documents.  These actions lead the Magistrate Judge to detain her pending trial on the grounds that she was a serious danger to the community and no conditions of bail would protect the public.  These findings were made at a time when the government bore the burden of proof concerning the bail criteria.  Having been convicted of the offenses for which she was charged and with the burden now shifted to the defendant, defendant presents no evidence of such radically changed circumstances that would suggest the court should change it's earlier decisions.  This alone requires denial of her present motion.

B.    Defendant Fails to Meet the Criteria for Release Under § 3143(b)(1)(B).

Hunter similarly fails to meet her burden of proving that she is likely to prevail on appeal and ultimately obtain a sentence reduction of some 6 years. At sentencing, the district court considered the guidelines as well as the sentencing factors set forth in 18 U.S.C. §3553(a) and found that the sentence of 120 months

was justified by the "big picture" of Ms. Hunter's extensive and continuous efforts to cheat and defraud numerous victims.  Specifically, the court noted that the damage caused to the two nurse victims of identity theft presented one of the most serious identity thefts imaginable and could justify an upward departure.  Nothing in the original sentencing would suggest that even if defendant won a resentencing she would receive a sentence of less than half of the court's original determination.

Defendant's claim that she has demonstrated a likelihood of success on the merits further falls on a reading of the record.  Defendant supports this claim with speculation as to the reason for the lengthy delay on appeal.  However, the actual reason for delay is simply the court's decision to await the en banc opinion interpreting the weight to be given guideline calculations.

Her reliance on <u>United States v. McCormac</u>, 309 F.3d 623 (9th Cir. 2002) for the proposition that the district court committed plain error in not reducing loss by collateral is equally misplaced as that case stands for the opposite proposition.  In McCormac, the court affirmed the defendant's sentence based on the total amount of a loan obtained by fraud without regard to the value of pledged collateral.

III.   CONCLUSION

Based on the above, the previous findings of this court, and the criteria set forth in 18 U.S.C. §3143(b), the government respectfully requests that this court deny defendant's application for bail pending appeal.

RESPECTFULLY submitted this 14th day of February, 2008, at Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

 s/Karen L. Loeffler
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: karen.loeffler@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2008,
a copy of the foregoing Response in Opposition
was served by USPS mail service on:

Terrence Kellogg, Attorney
P.O. Box 70819
Seattle, WA 98127

s/ Karen L. Loeffler