

RECEIVED
AUG 04 2008
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

FILED
AUG 01 2008
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> BECKY NADINE HUNTER, <br><br> Defendant - Appellant. | No. 05-30102 <br><br> D.C. No. CR-04-00002-RRB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued July 24, 2006
Resubmitted July 30, 2008
Anchorage, Alaska

Before: KOZINSKI, Chief Judge, BERZON and TALLMAN, Circuit Judges.

Becky Nadine Hunter appeals her 121-month sentence under the 2003 version of the United States Sentencing Guidelines ("the Guidelines") for various fraudulent schemes ranging from identity theft to concealment of assets in

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

bankruptcy, committed between 1998 and 2003, to obtain and retain money, employment, and property, in violation of 18 U.S.C. §§ 152(1), 152(3), 1001(a)(3), 1014, 1028(a)(7), 1028(b)(1)(D), 1341, and 1343. She challenges (1) the application of a single version of the Guidelines to all of her crimes, (2) the district court's failure to deduct pledged collateral from her intended loss, and (3) the reasonableness of her sentence.

Hunter maintains that the grouping of her crimes for sentencing under a single version of the Guidelines constitutes an Ex Post Facto Clause violation. We agree.

Although the district court did not explicitly state whether it was applying the grouping or relevant conduct provisions of the Guidelines, *compare* U.S.S.G. § 3D1.2 *with* § 1B1.3, it appears that the district court's sentence depended wholly on grouping. For example, if the court had planned to use relevant conduct in sentencing, it would not have been considering earlier versions of the Guidelines during sentencing, because a relevant conduct calculation does not implicate the Ex Post Facto Clause. *United States v. Kienenberger*, 13 F.3d 1354, 1357 (9th Cir. 1994). In addition, it would have been an incorrect application of the Guidelines to include all of Hunter's various crimes as relevant conduct, because her offenses

were not part of the same "common scheme or plan" or "course of conduct." U.S.S.G. § 1B1.3 cmt. n.9(A)–(B).

Having concluded that Hunter was, or should have been, sentenced under the grouping provision of the Guidelines, U.S.S.G. § 3D1.2, we now hold that the district court's application of a single version of the Guidelines to all of Hunter's crimes violated the Ex Post Facto Clause. Hunter was sentenced under the 2003 version of the Guidelines, even though many of her conviction offenses occurred prior to 2000. Because there was a significant increase in the sentencing range from 2000 to 2003 in the Guidelines, Hunter's sentence violated the Ex Post Facto Clause. *United States v. Stevens*, 462 F.3d 1169, 1170 (9th Cir. 2006) (stating that "the Ex Post Facto Clause of the U.S. Constitution requires the defendant to be sentenced under the guidelines in effect at the time of the offense if the guidelines have undergone substantive changes that would disadvantage the defendant") (citing *United States v. Alfaro*, 336 F.3d 876, 881 (9th Cir. 2003)); *United States v. Ortland*, 109 F.3d 539, 546 (9th Cir. 1997).

We therefore vacate Hunter's sentence and remand for resentencing. Because we are vacating the sentence, we do not address whether the district court's sentence was reasonable.

Hunter also argues that the amount of intended loss, resulting from her fraudulent schemes, should have been reduced by the amount of collateral that she pledged in securing one of the loans. She failed, however, to provide evidence of any pledged collateral. We therefore affirm the district court on this issue.

**AFFIRMED** in part, **VACATED**, and **REMANDED.**